UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DONOVAN SIERS, | CIV. 14-4007 |
| Petitioner, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| ROBERT DOOLEY, Warden, DARIN YOUNG, Warden, and MARTY JACKLEY, Attorney General, State of South Dakota, | |
| Respondents. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Donovan Siers ("Siers"), an inmate at the Mike Durfee State Prison, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), along with several supplements. He has moved for *in forma pauperis* status (Doc. 7) and for Summary Judgment (Doc. 8). The Court ordered that Petitioner's Motion be served upon the Defendants. (Doc. 6). The Defendants have moved to dismiss the Petition (Doc. 13) and have filed a supporting Memorandum (Doc. 14) with attachments.

## JURISDICTION

Siers was convicted in Minnehaha County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## BACKGROUND

On November 19, 2009, Siers was convicted in the Circuit Court, Second Judicial Circuit in Minnehaha County, South Dakota on charges of Felony Failure to Appear in violation of SDCL § 23A-43-31(1) and DWI 3rd Offense in violation of SDCL § 32-23-4. For each conviction, he was sentenced to two years imprisonment with the sentenced being suspended on certain conditions. On

June 9, 2010, the State moved to revoke both suspended sentences. The Circuit Court, the Honorable Robin Houwman, held a hearing on the Motion to Revoke Suspended Sentences on May 16, 2011. On June 15, 2011, Judge Houwman revoked the Suspended Sentences. The revocations were filed on June 16, 2011.

On January 4, 2013, Siers filed a state habeas petition. The state court, the Honorable Peter Lieberman, after appointing counsel and holding a hearing, denied state habeas relief on September 12, 2013. Judge Lieberman, however, granted Siers' motion for a certificate of probable cause. The South Dakota Supreme Court heard oral argument on Siers' case on March 25, 2014. The South Dakota Supreme Court has not yet issued a written decision and Siers' case remains pending in the South Dakota courts. Siers filed his federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 21, 2014.

## DISCUSSION

The basis for Siers' state and federal habeas claims is his assertion that a case recently decided by the United States Supreme Court applies to him and should result in his immediate release. In *Missouri v. McNeely*, 133 S.Ct. 1552, 185 L.Ed.2d 696, the Supreme Court held that in drunk driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify a blood test without a warrant. *Id.*, 133 S.Ct. at 1568. Siers claims that upon his arrest for the DWI 3rd which is the subject of this habeas claim, his blood was drawn without his consent and without a warrant. Instead, the arresting officer relied upon SDCL § 32-23-10. That statute states:

> **32-23-10. Operation of vehicle as consent to withdrawal of bodily substances and chemical analysis–Submission to withdrawal or analysis following arrest.** Any person who operates any vehicle in this state is considered to have given consent to the withdrawal of blood or other bodily substance and chemical analysis of the person's blood, breath, or other bodily substance to determine the amount of alcohol in the person's blood and to determine the presence of marijuana or any controlled drug or substance or any substance ingested, inhaled, or otherwise taken into the body as prohibited by § 22-42-15 or any other substance that may render a person incapable of safely driving. The arresting law enforcement officer may, subsequent to the arrest of any operator for violation of § 32-23-1, require the operator to submit to the withdrawal of blood or other bodily substances as evidence.

Additionally, SDCL § 32-23-10.1 states:

> **32-23-10.1 Refusal to submit to chemical test or allow withdrawal of bodily substance admissible into evidence.** If a person refuses to submit to chemical analysis of the person's blood, urine, breath, or other bodily substance, or allow the withdrawal of blood or other bodily substance for chemical analysis as provided in §32-23-1 or § 32-23-21, such refusal may be admissible into evidence at the trial.

Siers asserts that pursuant to *McNeely,* the officers' reliance upon these statutes to obtain his blood sample and ultimately to convict him violated his Fourth Amendment rights.

### 1.      Siers Failed to Exhaust His Remedies in State Court

As a general rule, a petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). The doctrine of exhaustion requires "as a matter of comity, federal courts should not consider a claim in habeas corpus petition until after the state courts have had an opportunity to act." *Mellott v. Purkett,* 63 F.3d 781, 784 (8th Cir. 1995) *quoting Rose v. Lundy,* 455 U.S. 509, 515, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." " *Mellott v. Purkett,* 63 F.3d 781, 784 (8th Cir. 1995) (citation omitted). A strong presumption exists to require a prisoner to exhaust his state remedies, and the exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Mellott,* 63 F.3d at 785. In *Mellott,* the Eighth Circuit found the prisoner's assertion of a seventeen month delay in state court was not a circumstance which warranted waiver of the exhaustion requirement.

Siers bears the burden to show all available state remedies have been exhausted, or that exceptional circumstances exist which warrant waiver of exhaustion. *Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998). Siers has not made either showing. Siers has not exhausted his state remedies, because his state habeas claim remains pending in the South Dakota Supreme Court. Neither has he made a showing of exceptional circumstances. This federal habeas claim, therefore, is premature. Dismissal without prejudice is appropriate when a prisoner has failed to exhaust his state remedies. *Id.*

This court may not order the state courts to set a specific date for a decision or resolution of Siers' state habeas claim. Although not specifically designated as such, these requests amount to petitions for writs of mandamus to direct the state court or its judicial officers in the performance of their duties. "[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). *See also White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (district court properly refused to order state court to rule on pending state habeas matter). For this reason, it is respectfully recommended to the District Court that Siers' § 2254 Petition be dismissed.

### 2.  Siers' § 2254 Habeas Claim is Barred by the Statute of Limitations

Siers' federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Siers' state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.;* § 2244(d)(2).

Judgment was entered on Siers' conviction on November 19, 2009. He did not directly appeal his conviction. Because he did not file a direct appeal, his judgment became final after his time for appeal expired (thirty days pursuant to SDCL 23A-32-15), on December 19, 2009. The state moved to revoke Siers' suspended sentence on June 10, 2011, and his suspended sentence was revoked by Order dated June 15, 2011 (filed June 16, 2011). Siers filed his state habeas petition on January 4, 2013, and it remains pending with the South Dakota Supreme Court. Petitioner filed his federal petition for writ of habeas corpus on January 21, 2014.

28 U.S.C. § 2244(d) provides:

> (1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

4

      (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Even if Siers' state habeas petition was timely pursuant to South Dakota law (*See* SDCL § 21-27-3.2) (prejudicial delay is assumed if state application filed more than five years after judgment of conviction),[1] it was not filed in time to toll the federal one year statute of limitations.

---

[1] SDCL § 21-27-3.2 was repealed in 2012 and replaced by SDCL§ 21-27-3.3. That statute provides: **Two year statute of limitation**
A two year statute of limitation applies to all applications for relief under this chapter. This limitation period shall run from the latest of:
(1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(2) The date on which the impediment to filing an application created by state action in violation of the constitution or laws of the United States or of this State is removed, if such impediment prevented the applicant from filing;
(3) The date on which the constitutional right asserted in the application was initially recognized by the Supreme Court of the United States or the Supreme Court of this State if the right has both been newly recognized and is retroactively applicable to cases on collateral review; or
(4) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

*See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired). In South Dakota, a criminal defendant must appeal his conviction within thirty days of the date the judgment of conviction is filed. *See* SDCL § 23A-32-15. Because he did not appeal his state conviction, Siers' state judgment became final for purposes of the AEDPA upon the expiration of thirty days after November 19, 2009, –or on December 19, 2009. The statute of limitations expired for his federal habeas claim one year from that date, or on December 19, 2010. If the time is calculated from the date Siers' suspended sentence was revoked, the calculation is as follows: Judgement was entered on June 16, 2011 and became final thirty days later on July 16, 2011. The one year statute expired on July 16, 2012, before Siers filed his state habeas petition in January, 2013. Absent one of the exceptions described in 28 U.S.C. § 2244(d)[2] or the application of equitable tolling, Siers' federal habeas petition is clearly time-barred. For this reason, it is respectfully recommended to the District Court that Siers' § 2254 Petition be dismissed, with prejudice.

### 3.  Siers' § 2254 Habeas Claims are Barred by *Stone v. Powell*

Siers' federal habeas corpus petition must be dismissed for another reason which has not been raised by the State. In *Stone v. Powell* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, (1976), the United States Supreme Court held that where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained through an unconstitutional search and seizure was introduced at his trial.

---

[2] The exception described in § 2244(d)(1)(D) is not available because the argument Siers' advances based on the recent *McNeely* decision argument is foreclosed by the doctrine of *Stone v. Powell* as explained in Section 3.

In *Stone* the Supreme Court examined the history of federal habeas corpus claims by both state and federal prisoners and the evolution of the exclusionary rule as a means to deter Fourth Amendment violations. "As in the case of any remedial device, the application of the rule has been restricted to those areas where remedial objectives are thought most efficaciously served." *Stone*, 428 U.S. at 486-87. The Court noted that "the physical evidence sought to be excluded is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant." *Id.* at 490.

> A claim of illegal search and seizure under the Fourth Amendment is crucially different from many other constitutional rights; ordinarily the evidence seized can in no way have been rendered untrustworthy by the means of its seizure and indeed often this evidence alone establishes beyond virtually any shadow of a doubt that the defendant is guilty.
>
> Application of the rule thus deflects the truth finding process and often frees the guilty. The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule is contrary to the idea of proportionality that is essential to the concept of justice. Thus, although the rule is thought to deter unlawful police activity in part through the nurturing of respect for the Fourth Amendment values, if applied indiscriminately it may well have the opposite effect of generating disrespect for the law and administration of justice. These long recognized costs of the rule persist when a criminal conviction is sought to be overturned on collateral review on the ground that a search-and-seizure claim was erroneously rejected by two or more tiers of state courts.

*Id.* at 490-91. The Court concluded :

> In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force.

*Id.* at 494-95. The Eighth Circuit has consistently enforced the rule of *Stone v. Powell. See Ryder v. Morris*, 752 F.2d 327 (8th Cir. 1985); *Willett v. Lockhart*, 37 F.3d 1265 (8th Cir. 1994) (noting that even otherwise potentially meritorious Fourth Amendment claims are barred on federal habeas when the petitioner had a full and fair opportunity to litigate them in state court, and a petitioner cannot gain federal review simply because the federal court may have reached a different result); *Chavez v. Weber*, 497 F.3d 796 (8th Cir. 2007) ("mere disagreement with the outcome of a state court ruling

7

is not the equivalent of an unconscionable breakdown in the state's corrective process . . . Our inquiry focuses on whether [petitioner] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." ). The South Dakota state courts have fully and fairly litigated Siers' claim that the *McNeely* case should apply retroactively to his arrest and conviction. Even if Siers disagrees with the state court result, *Stone* dictates that no federal habeas remedy is available.[3] For this reason as well, it is respectfully recommended to the District Court that Siers' § 2254 petition be dismissed with prejudice.

### 4. Evidentiary Hearing and Certificate of Appealability

If the motion, files and records of the case conclusively establish that the Petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that the motion that Siers has not raised a claim cognizable under 28 U.S.C. § 2254.

When the District Court has denied a motion under 28 U.S.C. § 2254, the Petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Siers has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability should likewise be denied.

---

[3] Although the State did not raise the *Stone v. Powell* doctrine, it is entirely appropriate for the court to raise and apply the doctrine *sua sponte* where the record clearly shows the petitioner had a full and fair hearing in state court. *Davis v. Blackburn*, 803 F.2d 1371, 1373 (5th Cir. 1986).

## CONCLUSION and RECOMMENDATION

Siers' state habeas action remains pending in the South Dakota Supreme Court. His available state habeas remedies, therefore, are not exhausted pursuant to the requirements of 28 U.S.C. § 2254(b)(1)(A). Siers' federal habeas claim is likewise barred by the AEDPA statute of limitations and the doctrine of *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, (1976). It is therefore respectfully recommended to the District Court:

(1) Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 7) be GRANTED;

(2) Petitioner's Motion for Summary Judgment (Doc. 8) be DENIED;

(3) Respondent's Motion to Dismiss (Doc. 13) be GRANTED;

(4) Petitioner's Application for Writ of Habeas Corpus (Doc. 1) be DISMISSED with prejudice; and

(5) No evidentiary hearing be held and no Certificate of Appealability be granted.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)

Nash v. Black, 781 F.2d 665 (8th Cir. 1986)

Dated this __3__ day of April, 2014.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge