UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF SOUTH DAKOTA

JUN 1 0 2014

SOUTHERN DIVISION


CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| DONOVAN CRAIG SIERS, | * | CIV. 14-4007 |
| Petitioner, | * | |
| vs. | * | ORDER |
| ROBERT DOOLEY, Warden;<br>DARIN YOUNG, Warden; and<br>MARTY JACKLEY, Attorney General,<br>State of South Dakota, | * | |
| Respondents. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Magistrate Judge Simko filed his Report and Recommendation in this case on April 3, 2014. Donovan Siers filed timely objections on April 14, 2014 (Doc. 22) and April 15, 2014 (Doc. 23), and after that continued to file other pleadings in this case. Nothing filed by Petitioner Siers discloses authority contrary to the contents of the Report and Recommendation from Judge Simko. The fact is that for the reasons stated in the Report and Recommendation the Writ of Habeas Corpus by Donovan Siers is time barred in Federal Court.

Even if 28 U.S.C. § 2254 habeas claims were not time barred, they are barred by the doctrine of *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which case provides that where a state has provided for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the grounds that the evidence was obtained through an unconstitutional search and seizure. *Cody v. Solem*, 755 F.2d 1323 (8th Cir. 1985).

The State of South Dakota has provided full and fair litigation of Petitioner Siers' Fourth Amendment claim as the claims of Donovan Siers are now pending before the South Dakota Supreme Court. Mr. Siers' claim, as put forth by his lawyer, is primarily that the case of *Missouri v. McNeely*, 133 S.Ct. 1552, 185 L.Ed.2d 696, (2013) should be applied retroactively. Due to the fact that the

case before this Court by Petitioner Siers is time barred this Court expresses no opinion on the retroactivity in Federal Court of *Missouri v. McNeely*. It should be noted that a determination of retroactivity of a United States Supreme Court holding on federal constitutional law must be made by the Supreme Court of the United States. *United States v. Simpson*, 721 F.3d 875, 876 (7th Cir. 2013).

Accordingly, the Court adopts in full the Report and Recommendation of Magistrate Judge Simko and for that and the reasons stated therein and herein dismisses Petitioner's Application for Habeas Corpus with prejudice. No basis was shown for an evidentiary hearing and none was held nor need be held as no fact questions were presented.

IT IS ORDERED:

1.  That the Petitioner's Objections (Doc. 22, 23) are DENIED, and the Report and Recommendation of Magistrate Judge Simko (Doc. 21) is ADOPTED.

2.  That Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 7) is GRANTED.

3.  That Petitioner's Motion for Summary Judgment (Doc. 8) is DENIED.

4.  That Respondents' Motion to Dismiss (Doc. 13) is GRANTED.

5.  That Petitioner's Application for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice.

6.  That a Certificate of Appealability shall not issue.

Dated this 10ᵗʰ day of June, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _Jennifer Stevens_
                  Deputy